# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KOREIN TILLERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1468 |
| | ) | |
| ADVANCED ANALYTICAL | ) | |
| CONSULTING GROUP, INC., | ) | Removed from St. Clair County, IL |
| DANIEL S. LEVY, and AUDRIUS | ) | (Case No. 17-L-98) |
| GIRNIUS, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Advanced Analytical Consulting Group, Inc. ("AACG"), Daniel S. Levy ("Levy") and Audrius Girnius ("Girnius"), by and through their undersigned counsel, hereby give notice of removal of Case No. 17-L-98 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, Defendants state as follows:

## THE STATE COURT ACTION

1. On or about March 6, 2017, Plaintiff Korein Tillery ("KT") brought a civil action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, styled as *Korein Tillery, LLC v. Advanced Analytical Consulting Group, Inc., et al.,* Case No. 17-L-98. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff served summons and a copy of the Complaint on all the Defendants on or after April 4, 2017. The only other documents in the state court file are returns of service, which are included in **Exhibit 1** pursuant to 28 U.S.C. § 1446(a). Under 28 U.S.C. § 1446(b), this

Notice of Removal is timely filed within thirty days of service of the Complaint on the Defendants and within one year of the commencement of the action.

3.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This action may be removed under 28 U.S.C. § 1441 because (a) complete diversity of citizenship exists between Plaintiff and the properly joined Defendants; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy is being filed with the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

5.  If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief in support of their position that this case is removable.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

6.  The Complaint alleges that KT contracted with AACG in August 2015 to provide expert services in a case relating to the calculation of damages.  (Compl., ¶ 1-5).  KT alleges that AACG began "performing the study" in late August 2015.  *Id.* at ¶ 6.  KT further alleges that in February 2016 it paid Defendants for work performed, that Defendants failed to perform as promised, and that Defendants were advised their services were no longer required.  *Id.* at ¶¶ 8-10.

7.  The Complaint contains seven counts related to the agreement between KT and AACG—Count I (Misrepresentation), Count II (Mistake), Count III (Breach of Contract), Count IV (Negligence), Count V (Gross Negligence), Count VI (Consumer Fraud) and Count VII (Unjust Enrichment).  In the Complaint, KT seeks compensatory damages, punitive damages,

prejudgment interest, attorney's fees and costs, and/or rescission.  *See* Compl., at "WHEREFORE" paragraph.

8.  The Complaint is extremely sparse on alleged facts, failing to identify any of the provisions of the agreement or any dollar amounts at issue.  The contract at issue in the Complaint is a written agreement dated August 11, 2015, signed by KT on August 27, 2015, between KT and AACG ("Contract").  *See* **Exhibit 2**, Declaration of Daniel S. Levy, ¶ 5.  As set forth in the Contract, KT engaged AACG to perform services in connection with the calculation of damages in a case being handled by KT, including expert witness services by Levy as an employee of AACG.  *Id.*

9.  The Contract expressly states that AACG's fees and expenses are "…not contingent upon the final resolution of the matters that are the subject of this Engagement".  *Id.*, Ex. A, p. 3.  The "General Business Terms" appendix, attached to and incorporated in the Contract, also obligates KT to pay a late charge (for invoices not paid within 30 days of the invoice date) of the lesser of 1½% per month or the highest rate allowable by law, compounded monthly.  *Id.,* Ex. A., Appendix A, ¶ 2.  That Appendix also permits termination by either party upon written notice, but requires that KT pay AACG for its services performed and expenses incurred through the effective date of termination.  *Id.,* Ex. A, Appendix A, ¶3.

10.  The General Business Terms of the Contract provide that the Contract "shall be governed by, and construed in accordance with, the laws of the State of Massachusetts (without giving effect to the choice of law principles thereof)…" and, with respect to jurisdiction, states that any action arising under or relating to the Contract "(whether in contract, statute, tort (such as negligence), or otherwise) may only be brought in any court of the State of Massachusetts or

any federal court of the United States, in each case located in Suffolk County, the State of Massachusetts." *Id.*, Ex. A, Appendix A, ¶ 15.

11. In August, 2015, KT paid AACG $25,000 as a retainer to be netted against AACG's eventual final invoice. **Exhibit 2**, ¶ 6. In February, 2016, KT paid AACG $449,237.99 for its work under the Contract. *Id.* By letter dated December 6, 2016, KT made demand upon AACG to refund $479,237.99, which amount was incorrect. *Id.* In addition, under the contract, AACG is still owed a total of $238,083.93, excluding contractually required interest, for the services it rendered to KT through February, 2016. *Id.* KT is disputing that it owes this additional balance. *Id.* With contractually required interest, the amount due to AACG from KT to date is $265,485.71. Thus, the total amount in dispute between the parties includes the payment previously made by KT plus the remaining balance, which totals $739,723.70. *Id*.

12. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case even though KT has not made a specific demand in the complaint because, "by the preponderance of the evidence," it is clear "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(b); *see also* 28 U.S.C. § 1332(a). Because KT is seeking a refund of over four hundred thousand dollars in this lawsuit, in addition to compensatory damages, punitive damages, and attorney's fees, it is clear that the amount in controversy exceeds $75,000.00.

## DIVERSITY JURISDICTION EXISTS

13. This suit is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

14. Plaintiff is a limited liability company organized under the laws of Illinois. *See* Compl., ¶ 11. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th

Cir. 1998). The members of KT are Stephen M. Tillery and Christine J. Moody who are citizens of Illinois, Florida or Missouri. *See* **Exhibit 3**, Record of Members of Korein Tillery, LLC from the Office of the Illinois Secretary of State. The Illinois Secretary of State identifies Illinois addresses for Mr. Tillery and Ms. Moody, and a search of public records by Defendants has also revealed addresses associated with Mr. Tillery and Ms. Moody in Florida and Missouri. In any event, Mr. Tillery and Ms. Moody are <u>not</u> citizens of Massachusetts, which is the state of citizenship for the properly joined Defendants.

15. Defendant Daniel S. Levy is a citizen of Massachusetts. *See* **Exhibit 2**, ¶ 3. Defendant Advanced Analytical Consulting Group, Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. *Id.* at ¶ 4. Thus, AACG is a citizen of Massachusetts.

16. Defendant Audrius Girnius is a citizen of Illinois (and therefore not diverse if Plaintiff is an Illinois citizen), but his citizenship must be ignored because he is a fraudulently joined defendant. When Girnius's citizenship is disregarded, there is complete diversity of citizenship amongst the parties.

## GIRNIUS IS FRAUDULENTLY JOINED

17. The doctrine of fraudulent joinder allows a court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (internal citations omitted). To establish fraudulent joinder, the removing defendant must show that there exists no "'reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Id.*; *see also Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The court also may

consider "the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction." *Schur*, 577 F.3d at 764 n.10.

18. As mentioned above, the Complaint contains seven counts generally directed against all Defendants. However, the Complaint only contains a single allegation specifically related to Girnius. Paragraph 4 of the Complaint states

> In addition to Dr. Levy, another economist from AACG, Audrius Girnius, Ph.D., participated in phone calls. Dr. Levy and Dr. Girnius reiterated the promises regarding the work that could be performed based on the proposed study.

No other facts are alleged regarding Girnius in the entire Complaint. The above paragraph fails to provide any details whatsoever as to any wrongful conduct by Girnius. Plaintiff does not allege that it had a contract with Girnius, so none of its contractual claims are recoverable against Girnius. Plaintiff also fails to identify any duty owed to it by Girnius, or identify any breach of such a duty by Girnius, so Plaintiff's negligence claims are not recoverable against Girnius.[1] Finally, the fraud claims are also unrecoverable by KT against Girnius as the Complaint completely fails to identify a single misrepresentation made by Girnius to Plaintiff. Thus, all of Plaintiff's claims must fail against Girnius. Girnius is fraudulently joined because there is no reasonable possibility that Plaintiff could prevail against him on these causes of action. *See. e.g. Hale v. Bayer Corp.*, No. 15-CV-00745-JPG-SCW, 2015 WL 5474298, at *3 (S.D. Ill. Sept. 16, 2015) (finding fraudulent joinder of defendant where complaint failed to allege sufficient facts to state a claim against the defendant under Illinois law); *Katonah v. USAir, Inc.*, 868 F. Supp. 1031, 1035 (N.D. Ill. 1994) (analyzing whether defendant was fraudulently joined by

---

[1] Even if Plaintiff could identify a breach of a duty owed to it by Girnius, any negligence claim arising out of that breach would be barred by the economic loss doctrine. *See Moorman Mfg. Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982).

6

determining whether complaint stated sufficient, non-conclusory facts to state a cause of action under Illinois law).

19.     The only reason Plaintiff added Girnius was to try to defeat diversity jurisdiction, which supports the conclusion of fraudulent joinder.  *See Schur*, 577 F.3d at 764 n.10.

## PROPRIETY OF REMOVAL

20.     For the foregoing reasons, this Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

21.     The Circuit Court of St. Clair County, where this action was originally brought, is located within the United States District Court for the Southern District of Illinois.  *See* 28 U.S.C. § 93(c).  Therefore, the action is properly removed to this Court in this district pursuant to 28 U.S.C. § 1441(a).

22.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully request that this Court assume full jurisdiction over this action as if Plaintiff had originally commenced this action with this Court.

Respectfully submitted,

By /s/ Troy A. Bozarth
Troy A. Bozarth, #6236748
W. Jason Rankin, #06237927
Jason D. Johnson, #6286499
HEPLERBROOM LLC
Post Office Box 510
130 N. Main St.
Edwardsville, IL 62025-0510
Phone:  618/656-0184
Fax:  618/656-1364

## **CERTIFICATE OF SERVICE**

   I certify that on the May 4, 2017, I electronically filed a true and correct copy of the foregoing Notice of Removal with the Clerk of the Court, and that I also served a true and correct copy of the foregoing Notice of Removal by First Class U.S. Mail on:

Aaron Zigler
Korein Tillery, LLC
505 North 7th Street, Ste. 3600
St. Louis, MO 63101

               /s/ Troy A. Bozarth