# EXHIBIT 1

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number _____ 17 L 98 _____

Amount Claimed _____

| | |
|---|---|
| KOREIN TILLERY, LLC | ADVANCED ANALYTICAL CONSULTING GROUP, INC., DANIEL S. LEVY, and AUDRIUS GIRNIUS |
| | VS |
| Plaintiff(s) | Defendant(s) |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Robert J. Sprague _____ Code _____
Address 26 E. Washington Street
City Belleville, IL 62220 _____ Phone 618-233-8583
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME Audrius Girnius

ADDRESS 622 8th Ave

## SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE La Grange, IL 60525

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

### TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 3 - 31 - 20 17

Kahalah Clay
_____
Clerk of Court

BY DEPUTY: Vickie Parker

SEAL

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant

Date of service

_____              _____
_____              _____
_____              _____
_____              _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ .........$_____ |
| Total .....................$_____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KOREIN TILLERY, LLC,                          )
                                              )
                    Plaintiff,                )
                                              )
        vs.                                   )        No. 17L98
                                              )
ADVANCED ANALYTICAL                           )
CONSULTING GROUP, INC.,                       )
DANIEL S. LEVY, and AUDRIUS                   )
GIRNIUS,                                      )
                                              )
                    Defendants.               )

FILED
ST. CLAIR COUNTY

MAR 0 6 2017

43          CIRCUIT CLERK

## COMPLAINT

Comes now Plaintiff Korein Tillery, LLC, and for its complaint against Defendants, states as follows:

### STATEMENT OF FACTS

1.  In May 2015, Korein Tillery, LLC ("KT") contacted Daniel S. Levy, Ph.D., of Advanced Analytical Consulting Group, Inc. (AACG) about providing expert services in a case. KT asked Dr. Levy to propose a method for calculating damages in the case.

2.  Dr. Levy proposed a specific methodology to calculate the damages. He claimed that by following the methodology, he could ultimately calculate damages for the entire case.

3.  In July 2015, an attorney from KT met with Dr. Levy to further discuss the proposal. Dr. Levy again stated that by following the methodology, he would be able to calculate damages for the entire case.

4.  The parties had multiple phone calls over the next two months. In addition to Dr. Levy, another economist from AACG, Audrius Girnius, Ph.D., participated in phone calls. Dr. Levy and Dr. Girnius reiterated the promises regarding the work that could be performed based on the proposed study.

1

5.   Based on these promises, KT contracted with Defendants in August 2015 to conduct the proposed study.

6.   In late August 2015, Defendants began performing the study.

7.   By September 2015, Defendants nearly doubled the cost estimate for AACG's work. By November 2015, AACG had already sent invoices for approximately twice the amount originally estimated, and Defendants again substantially increased the cost estimate. Despite this overbilling, Defendants continued to make promises regarding the quality or usefulness of their work, and continued to mislead KT as to their ability to provide competent expert services in the litigation.

8.   In early February 2016, Defendants were paid for work performed. Dr. Levy agreed that the payment would satisfy all of AACG's invoices to that date. Defendants also agreed to perform the remainder of the work for a capped amount.

9.   Shortly after receiving this payment, Defendants revealed that they had failed to perform as promised and could not estimate damages in the manner promised.

10. In February 2016, Defendants were advised that their services were no longer required as a result of their egregious misconduct. KT brings this lawsuit to recover damages incurred as a result of Defendants' conduct.

## PARTIES AND VENUE

11. KT is a limited liability company organized under the laws of Illinois. Many of KT'S negotiations and discussions with Defendants took place from St. Clair County, Illinois, and KT signed the agreement in St. Clair County, Illinois.

12. AACG is a corporation organized under the laws of Massachusetts. AACG is registered to do business in Illinois, regularly does business in Illinois, and maintains a registered agent in Springfield, Illinois.

13. Upon information and belief, Dr. Levy regularly conducts business in Illinois.

2

14. Dr. Girnius is a resident of Illinois.

15. Venue is proper because negotiations and discussions with Defendants took place from St. Clair County, Illinois and Plaintiff KT signed the agreement in St. Clair County, Illinois.

## COUNT I: MISREPRESENTATION

16. Plaintiff incorporates the allegations of paragraphs 1 through 15 as if fully set forth in this Count I.

17. Defendants made false representations both prior to and after the parties entered into the contract for the study.

18. Defendants made those representations knowing they were false or with reckless disregard as to their truth or falsity.

19. Defendants made those misrepresentations with the intent to induce Plaintiff to rely on the misrepresentations and to enter the contract with Defendants and to continue to pay for Defendants' services after entering into the contract.

20. Defendants' misrepresentations were material to Plaintiff's decision to contract with Defendants and to their continuing contractual relationship.

21. Plaintiff's reliance on Defendants' misrepresentations was reasonable and it had no independent way of verifying the truth or falsity of those misrepresentations.

22. Defendants concealed their misrepresentations until after Plaintiff paid them in February 2016.

23. As a direct and proximate result of Defendants' misrepresentations, Plaintiff was injured in an amount to be proven at trial.

## COUNT II: MISTAKE

24. Plaintiff incorporates the allegations of paragraphs 1 through 15 as if fully set forth in this Count II.

25. Defendants were mistaken when making the representations.

26. This mistake concerned a material basis for Plaintiff's engagement of Defendants and continued engagement of Defendants.

27. The effect is such that the enforcement of the agreement would be unconscionable, so the agreement should be rescinded and the parties returned to the status quo.

## COUNT III: BREACH OF CONTRACT

28. Plaintiff incorporates the allegations of paragraphs 1 through 15 as if fully set forth in this Count III.

29. Defendants breached their contract with Plaintiff by failing to perform as promised.

30. Plaintiff suffered damages as a result of Defendants' breach of contract.

## COUNT IV: NEGLIGENCE

31. Plaintiff incorporates the allegations of paragraphs 1 through 15 as if fully set forth in this Count IV.

32. Defendants owed a duty of reasonable care to Plaintiff.

33. Defendants breached that duty.

34. As a direct and proximate result of Defendants' negligence, Plaintiff was injured in an amount to be proven at trial, and Plaintiff's injury was a foreseeable result of the breach.

## COUNT V: GROSS NEGLIGENCE

35. Plaintiff incorporates the allegations of paragraphs 1 through 15 and 31 through 34 as if fully set forth in this Count V.

36. Defendants acted with gross negligence because they knew of a high potential risk of harm but nevertheless proceeded to act with conscious disregard to the risk of harm to Plaintiffs.

37. As a direct and proximate result of Defendants' gross negligence, Plaintiff was injured in an amount to be proven at trial, and Plaintiff's injury was a foreseeable result of the breach.

4

## COUNT VI: ILLINOIS CONSUMER FRAUD ACT CLAIM

38. Plaintiff incorporates the allegations of paragraphs 1 through 15 and 17 through 20 as if fully set forth in this Count VI.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practices described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 6, 1965, in conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby.

40. Defendants engaged in unfair or deceptive acts or practices by using deception, fraud, misrepresentation or concealment, or by omitting material facts.

41. The omitted facts involved the type of information upon which a reasonable consumer is expected to rely in making a decision.

42. Defendants intended for Plaintiff to rely on the concealment, suppression, or omission of the material fact.

43. As a direct and proximate result of the unfair acts or practices of Defendants, Plaintiff was injured in an amount to be proven at trial.

44. The unfair acts or practices of Defendants occurred in connection with Defendants' conduct of trade and commerce in Illinois.

5

45. The unfair acts or practices of the Defendant violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

## COUNT VII: UNJUST ENRICHMENT

46. Plaintiff incorporates the allegations of paragraphs 1 through 15 and 38 through 45 as if fully set forth in this Count VII.

47. The unfair acts or practices of Defendants resulted in Plaintiff conferring substantial benefits upon Defendants to the detriment of Plaintiff because Defendants did not provide services as promised.

48. Plaintiff was injured by such conduct in an amount to be proven at trial.

49. Defendants knew of and appreciated the benefits conferred upon them by Plaintiff and accepted and retained these benefits, which, in justice and fairness, should be refunded and paid over to Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendants in an amount to be proven at trial, including compensatory damages, punitive damages, prejudgment interest, attorney's fees and costs, and/or rescission and all other relief as may be fair and just under the circumstances.

DATED: March 6, 2017

One of the Attorneys for Plaintiff

Aaron Zigler -
Korein Tillery, LLC
505 North 7th Street, Ste. 3600
St. Louis, MO 63101
(314) 241-4844

6

# AFFIDAVIT OF SERVICE

**State of Illinois**                    **County of Saint Clair**          **20th Judicial Circuit Court**

Case Number: 17L98

Plaintiff:
**Korein Tillery, LLC**

vs.

Defendant:
**Advanced Analytical Consulting Group, Inc., Daniel S. Levy, and Audrius Girnius**



For:
Korein Tillery
505 N. 7th Street
Ste. 3600
St. Louis, MO 63101

Received by Clutter Investigations Inc. DBA Courthouse Courier on the 3rd day of April, 2017 at 2:11 pm to be served on **Incorp Service, Inc. Service Agent for AACG, Inc., 901 S. 2nd Street, Suite 201, Springfield, IL 62704**.

I, Michael Lauterbach, being duly sworn, depose and say that on the **4th day of April, 2017 at 1:35 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **A.J. Peterson** as **Corporate Fulfillment Specialist** for **Incorp Service, Inc.**, at the address of: **901 S. 2nd Street, Suite 201, Springfield, IL 62704**, and informed said person of the contents therein, in compliance with all applicable law.

**Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: White, Height: 6'2", Weight: 200, Hair: Brown, Glasses: N

I being first duly sworn on oath, states that I am over 18 years of age and not a party to this lawsuit. Under penalties of perjury as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the above statement is true and correct.

Subscribed and Sworn to before me on the 4th
day of April , 2017 by the affiant
who is personally known to me.

NOTARY PUBLIC

**Michael Lauterbach**
129-403379

**Clutter Investigations Inc. DBA Courthouse Courier**
1 West Old State Capitol Plaza
Suite 818
Springfield, IL 62701
(217) 528-5997

Our Job Serial Number: CLU-2017000701

OFFICIAL SEAL
**KARI J. LAUTERBACH**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 07-23-2019

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1e

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number _____ 17 L 98 _____

Amount Claimed _____

| KOREIN TILLERY, LLC | ADVANCED ANALYTICAL CONSULTING GROUP, INC., DANIEL S. LEVY, and AUDRIUS GIRNIUS |
|---|---|
| | VS |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Robert J. Sprague _____ Code _____
Address 26 E. Washington Street
City Belleville. IL 62220 _____ Phone 618-233-8383
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Incorp Service, Inc.
Service Agent for AACG, Inc.
ADDRESS 901 S. 2nd Street, #201

## SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE Springfield, IL 62704

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, ____ 3 - 31 - 20 17
Kahalah Clay
Clerk of Court
BY DEPUTY: Vickie J Parker

**SEAL**

DATE OF SERVICE: APRIL 4 20 17
(To be inserted by officer on copy left with defendant or other person)
M.L.

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                    Date of service

_____          _____

_____          _____

_____          _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| AACG | INCORP SERVICE, INC. A.J. PETERSON CORPORATE FULFILLMENT SPECIALIST | APRIL 4, 2017 1:35 p.m. |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____$_____ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . .$_____ |
| |
| Sheriff of _____ County |

Sheriff of SANGAMON County

_Michael Lauterbach_ , Deputy

PROCESS SERVER
# 129-403379