IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOREIN TILLERY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 3:17-cv-00468-JPG-RJD |
| ) | |
| ADVANCED ANALYTICAL ) | |
| CONSULTING GROUP, INC., DANIEL S. ) | |
| LEVY, and AUDRIUS GIRNIUS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO
ORDER TO SHOW CAUSE AND MOTION TO REMAND**

Korein Tillery filed this lawsuit in Illinois state court alleging that Defendants — Advanced Analytical Consulting Group, Inc. ("AACG"), Daniel S. Levy, and Audrius Girnius — lied about their ability to perform expert services for Korein Tillery. The gist of the dispute is that Levy and Girnius promised Korein Tillery that they could estimate the work hours of minor league baseball players as a whole and ultimately calculate their wage and hour damages by observing a sample of these players entering and leaving their ballparks. Zigler Decl. at ¶ 6. However, just five weeks from the expert disclosure deadline, and after collecting nearly $500,000, Defendants admitted that they were unable to tell the difference between baseball players and ushers, concession workers or other employees entering the ballparks; their entire study was worthless. Zigler Decl. at ¶ 8. Given the nature of the study, Levy and Girnius had to have known about this problem almost as soon as they started the study, yet they failed to disclose their failure until they had enriched themselves by nearly half a million dollars. Zigler Decl. at ¶ 9. By wasting months and leaving Korein Tillery little time to replace them with other experts, Levy and Girnius not only provided nothing of value to Korein

1

Tillery and its clients, they jeopardized the outcome of the case for the entire class of minor league baseball players.

Defendants removed the case alleging that Girnius – an Illinois citizen – was fraudulently joined. "To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). The district court must ask whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). Meeting this standard is a "heavy burden." *Morris,* 718 F.3d at 666. A defendant must do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006) (standard is even more favorable to the plaintiff than on a motion to dismiss). He must show that the plaintiff has "no chance of success" in his claims. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015). *See also Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir.2011) (claim against non-diverse defendant must be "utterly groundless").

Moreover, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 935 (S.D. Ill. 2006). Accordingly, "defendants must show a flaw specific to the joinder of the non-diverse party, which is the jurisdictionally relevant aspect of the claim." *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1099–100 (S.D. Ill. 2007). "All doubts about the propriety of removal are to be resolved in favor of remand." *Aaron v. SmithKline Beecham Corp.*, No. 09-CV-1071-JPG, 2010 WL 1752546, at *1 (S.D. Ill. Apr. 28, 2010).

Defendants claim that the Complaint fails to identify any duty owed by Girnius or breach of that duty, and even if it, did those claims would be barred by the economic loss rule. Doc. 1 at 6. Defendants also claim the Complaint fails to identify any misrepresentations made by Girnius. *Id.* Thus, according to Defendants, there is no reasonable possibility of recovery against Girnius. That is an unjustifiably cramped view of Girnius's exposure. For months before they finally came clean, Girnius and Levy fraudulently concealed that the study was impossible. Even assuming they did not fraudulently induce Korein Tillery into the contract from the outset, they certainly did fraudulently induce Korein Tillery to pay their firm hundreds of thousands of dollars after they knew the study was impossible and the "work" they were doing was useless. Those facts give rise to viable claims against both Girnius and Levy under the Illinois Consumer Fraud Act, as well as under the common law of fraud and negligence. Even the mere possibility of recovery under these theories would require remand. *See Thornton*, 796 F. 3d at 765 (Plaintiff needs to have "no chance of success" in their claims.).

## ARGUMENT

Girnius is a citizen of Illinois, (Doc. 1 at ¶ 16), and so is Korein Tillery. Zigler Decl. at ¶¶ 3-4. This Court thus lacks diversity jurisdiction unless Girnius has been fraudulently joined. Defendants claim that Korein Tillery made only a single allegation related to Girnius, and that Girnius cannot be held liable under any of the causes of action asserted. They are wrong.

Defendants contend that the allegations against Girnius are scant. In fact, the allegations against Girnius are the same as the allegations against Levy, and the conduct of those two is the only basis of liability against AACG, which of course can act only through natural people—here, Girnius and Levy. Throughout the complaint, Plaintiff repeatedly referred to "Defendants" in the plural, which includes Girnius. Every allegation of "Defendants'" wrongful conduct is an allegation against

3

Girnius. Girnius is named as a defendant because he was one of the two people who played an integral role in AACG's wrongdoing. He was one of two economists who designed and implemented the study, oversaw the work, and communicated with Korein Tillery.

In that same vein, Defendants' criticism of the supposed dearth of allegations against Girnius individually also runs afoul of the common defense rule because the allegations against Girnius are the same as the allegations against Levy and AACG. Under that rule, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 935 (S.D. Ill. 2006). A case-dispositive defense that can be asserted by diverse and non-diverse defendants alike is not a proper basis for a claim of fraudulent joinder, given that such a defense "manifestly [goes] to the merits of the action as an entirety, and not to the joinder; that is to say it indicate[s] that the plaintiff's case [is] ill-founded as to all the defendants." *Id.*

When, as here, a diverse defendant's liability is based on the same acts as that of the local defendant, there can be no fraudulent joinder. "The case may be weak or even unfounded as to both defendants, but this is not a joinder problem that implicates federal jurisdiction considerations." *Simmons ex rel. Estate of Simmons v. Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 916 (S.D. Ill. 2004). Since the only basis for Defendants' claims of fraudulent joinder is equally applicable to all defendants, the Court need not go any further—remand is required. *Smallwood v. Ill. Cent. R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003) ("When the only proffered justification for fraudulent joinder is that there is no reasonable basis for predicting recovery against the local defendant and that showing is a fortiori applicable to all defendants, rather than to the local defendants alone, the requisite showing has not been

4

made."). An examination of Plaintiff's complaint reveals, however, more than a mere possibility of recovery against Girnius.

First of all, Girnius has no independent defense to Plaintiff's claims. Girnius cannot hide behind his status as an employee of AACG. As an employee Girnius had an "obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency; nor can its breach be excused by the plea that his principal is chargeable." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009). "Illinois law allows a plaintiff to sue either the employer, employee or both, because they can be found jointly and severally liable." *Fountain v. J.C. Penney Corp.*, No. 06-CV-680-DRH, 2007 WL 1308813, at *3 (S.D. Ill. May 3, 2007). "The employee can be found liable as the active tort-feasor who committed the act which caused the injury." *Id.* (internal quotations omitted). This is true of all of Plaintiff's claims.

**Claim under the ICFA**. An employee such as Girnius who participates in unfair or deceptive acts can be held liable under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). *Garcia v. Overland Bond & Inv. Co.*, 282 Ill. App. 3d 486, 496 (1996) ("Section 10(a) of the Consumer Fraud Act states that those damaged by violations of the Act may sue 'any person' who violates the Act. Section 1(c) of the Act includes corporations and the salesmen and employees who work for these corporations within the definition of the term 'person.'"). Under the ICFA, "a plaintiff must establish: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180 (2005).

Defendants argue that Plaintiff fails to identify any misrepresentations made by Girnius. But Defendants misread the Complaint and overstate Plaintiff's burden. Both affirmative misrepresenta-

tions and omissions are actionable. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 504 (1996) In a concealment case, Plaintiffs need only allege that the defendant failed to disclose a material fact of which it was aware to its customer,. *See Pappas v. Pella Corp.*, 363 Ill.App.3d 795, 805 (Ill. App. Ct. 2006). Plaintiff has alleged that Defendants—including Girnius—repeatedly made representations regarding the work that they could perform both before and after Plaintiffs entered into the contract, and these representations proved to be untrue. Compl. ¶¶ 2-5, 9, 40. During the course of their work, Defendants—including Girnius—also omitted and concealed material facts for months until after they received a significant payment. *Id.* ¶¶ 9, 40, 41.

During multiple phone calls, "Girnius reiterated the promises regarding the work that could be performed based on the proposed study," and "[b]ased on these promises," that the study would be able to calculate class wide damages, KT entered into and continued a relationship with Defendants. *Id.* ¶¶ 4-5. After Girnius and Levy began their work, they quickly began overbilling and substantially increased their cost estimate. *Id.* ¶ 7. Yet "[d]espite this overbilling," Girnius and Levy "continued to make promises regarding the quality or usefulness of their work, and continued to mislead KT as to their ability to provide competent expert services." *Id.* It was not until after receiving a substantial payment—and after many months of useless "work"—that Girnius and the other defendants "revealed that they had failed to perform as promised" and in fact "could not estimate damages in the manner promised." *Id.* ¶¶ 8-9. If Korein Tillery had known at an earlier date that Girnius and Levy could not perform as promised, Korein Tillery either would not have entered into the relationship or would have directed Defendants to stop their work at a much sooner date. Instead, Girnius and Levy continued to make promises about their ability to perform or at least concealed for months the fact that they could not perform as promised. Both are actionable.

Plaintiff has also alleged that Girnius and Levy intended for Korein Tillery to rely on their deceptive or unfair acts, acts that allowed them to bill more hours and charge Korein Tillery more

6

money. *Id.* ¶¶ 5, 42. Plaintiff has also alleged that Defendants' deception occurred in the course of conduct involving trade or commerce, and that Korein Tillery suffered actual damages as a result. *See id.* ¶¶ 2-10, 43-44. As for proximate cause, "[a]t the pleading stage, … all that is necessary … is to assert, … that after the alleged misrepresentations were made, the wrongful charges were paid." *Brown v. SBC Commc'ns, Inc.*, No. 05-CV-777-JPG, 2007 WL 684133, at *5 (S.D. Ill. Mar. 1, 2007). These facts are also alleged. *Id.* at ¶¶ 5-8.

**Common Law Claim for Misrepresentation**. Plaintiff has also alleged a colorable claim against Girnius under common law fraud. *Garcia*, 282 Ill. App. 3d at 496 (employee can be individually liable for misrepresentations under common law "if he actively participates in the wrongdoing"); *Olson v. Hunter's Point Homes, LLC*, 964 N.E.2d 60, 65 (Ill. Ct. App. 2012) (complaint sufficiently alleged that defendant participated in the misrepresentations). The elements of common law misrepresentation are "(1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in [justifiable] reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill. 2d 179, 193 (1989). The misrepresentation need not be intentional; statements made with reckless disregard for their truth are actionable. *Id.*

The complaint alleges all of these elements. On phone calls, Girnius claimed that the study would be able to calculate class wide damages. Compl. ¶¶ 3-4. Those statements were false, and they were, at the least, made with reckless disregard of the truth. Compl. ¶¶ 9, 17-18. Thus, Defendants' claim that the "Complaint completely fails to identify a single misrepresentation made by Girnius to Plaintiff," (Doc. 1 at 6), is not true, for the misrepresentation is clear: for months, Girnius and Levy repeatedly represented that AACG could perform a study that would allow them to calculate damages, and those representations were false. Compl. ¶¶ 2-5, 9, 17-18. As noted, Girnius and Levy in-

7

tended Korein Tillery to rely on the representations, and it did in fact justifiably rely on them, suffering damages as a result. *Id.* ¶¶ 19-23.

*Negligence and Gross Negligence*. Girnius can also be held individually liable for negligence and gross negligence. *Schur*, 577 F.3d at 765-66 (employee can be individually liable for torts committed during employment). It is hornbook law that a professional holding himself out as an expert in his field owes the same duty to his clients that all such professionals owe: to perform services with the ordinary care and competence reasonably expected of similar professionals in the community. *See, e.g.*, 265 C.J.S. Negligence § 160 ("professional holding him- or herself out to serve clients or patients is liable for his or her negligent performance of duties undertaken. A professional act or service, for purposes of a professional negligence action, is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual rather than physical or manual."); *see also Rozny v. Marnul*, 43 Ill. 2d 54, 67 (1969) (surveyor could be sued for negligence in performing survey).

Plaintiff has alleged facts sufficient to state a claim for negligence or gross negligence against Girnius individually. *See* Compl. ¶¶ 2-9, 31-37. Girnius, a professional economist, failed to act with the ordinary care that would be expected of an expert in his field, thereby breaching his duty. Girnius and Levy represented that they, as experts, could conduct a study in a specific fashion. Compl. ¶¶ 2-5. In fact, they could not do so, and they either knew this fact before engaging in the study, or they knew it shortly after beginning the study. Either way, an expert in their field exercising ordinary care would have conveyed this fact as soon as the expert became aware of it. Girnius and Levy, however, continued their practice of overbilling and did not reveal this fact until after they received a large sum of money. *Id.* ¶ 8. This was a breach of their duty of ordinary care, and it caused Korein Tillery harm. *Id.* ¶¶ 33-34.

Defendants contend that Plaintiff's negligence claims against all three Defendants are barred by the economic loss doctrine. Doc. 1 at n. 1. First, even if that were so, it would not be an argument that is unique to Girnius; if the economic loss doctrine were applied here, it would apply to all three defendants. Thus again, under the common defense rule, this is a case-dispositive defense that can be asserted by diverse and non-diverse defendants alike, and is therefore not a viable basis for a claim of fraudulent joinder. In fact, however, the economic defense doctrine applies to none of the defendants. Economists like Girnius and Levy are in the business of supplying analytical work to clients, and under such circumstances, the economic loss doctrine does not bar the negligence claims. *See Tribune Co. v. Geraghty & Miller, Inc.*, No. 97 C 1889, 1997 WL 438836, at *3 (N.D. Ill. July 25, 1997) (tort claim against environmental consulting group not barred by economic loss doctrine because "the value of [the consulting expert's] services lies in the analytic work summarized in the environmental assessment report, not in the report itself"); *see also Rozny*, 43 Ill. 2d at 66-67; Restatement (Second) of Torts § 552 (1977).

Also, the breach here by Girnius and Levy was so egregious that it constitutes gross negligence. Girnius and Levy knew their work was to be used in a wage and hour class action and that it was critical in that case to demonstrate the number of hours class members worked. Girnius and Levy thus knew or should of known of the high risk of harm to Korein Tillery if they failed to develop evidence of hours worked, but they consciously disregarded that risk of substantial harm. Compl. ¶¶ 35-37. No prudent expert would fail to immediately disclose his inability to perform the work he was hired to perform (or continue billing large sums for such worthless "work"). That is what Plaintiff has alleged that Girnius and Levy did. Whatever the chances of success may be on those claims, they are the same against Girnius, Levy and AACG. Girnius was not fraudulently joined as a defendant.

Although Korein Tillery has stated viable claims against Girnius, it submits out of an abundance of caution, a proposed amended complaint to supplement the factual allegations against Girnius individually. It is proper to consider the allegations in a proposed amended complaint when deciding whether to remand a case. When evaluating a motion to remand, the court must evaluate the state of affairs at the time of removal, but details that "clarify" the state of affairs should be taken into account. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680–81 (7th Cir. 2011); *see also BEM I, L.L.C. v. Anthropologie, Inc.,* 301 F.3d 548, 552 (7th Cir.2002) ("Events subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered in deciding what that original amount in controversy was."). Here, the relevant "state of affairs" is what the allegations and claims against Girnius are; the proposed amended complaint merely clarifies what those allegations are.

"[J]ust as plaintiffs may submit affidavits and similar evidence to support their claim of non-fraudulent joinder, they may amend their complaints to allege facts consistent with their claims of liability." *Estates of Briney ex rel. Clay v. Mr. Heater Corp.*, No. 08-CV-701-BBC, 2009 WL 1009793, at *3 (W.D. Wis. Apr. 13, 2009). "In cases like this one that raise allegations of fraudulent joinder to justify removal to federal court, other districts courts have held that a court may look to 'factual assertions beyond those in a plaintiff's complaint' when determining whether removal was proper." *Id.* (citing *Conk v. Richards & O'Neil, LLP,* 77 F. Supp. 2d 956, 964 (S.D. Ind. 1999) ("Where a defendant asserts fraudulent joinder based on the plaintiff's failure to state a claim upon which relief could be granted against a defendant whose presence defeats removal, this court sees no reason why the plaintiff should not be entitled to elaborate upon the pleadings")). Here, the proposed amended complaint does not change any theories of liability against Girnius. Instead, it simply clarifies the allegations against Girnius in a manner that is not only consistent with but buttresses the claims al-

10

ready asserted against him. These allegations provide further detail of Girnius's central role in Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, this Court lacks diversity jurisdiction over this case and the Court should remand it to the court from which it was improperly removed.


Dated: June 2, 2017


       s/ G. Patrick Murphy


G. Patrick Murphy
**MURPHY & MURPHY LLC**
3415 Office Park Drive, Suite D
Marion, IL  62959
Ph:  618.248.3236
*gpatrick@murphymurphyllc.com*

Aaron M. Zigler
**KOREIN TILLERY LLC**
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241 4844
Facsimile: (314) 241-3525
*azigler@koreintillery.com*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered users:

Jason D. Johnson – *jdj@heplerbroom.com*

W. Jason Rankin – *wjr@heplerbroom.com*

Troy A. Bozarth – *troy.bozarth@heplerbroom.com*

s/ G. Patrick Murphy

**MURPHY & MURPHY LLC**
3415 Office Park Drive, Suite D
Marion, IL  62959
Ph:  618.248.3236
*gpatrick@murphymurphyllc.com*