UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KOREIN TILLERY, LLC,

    Plaintiff,

v.

ADVANCED ANALYTICAL CONSULTING
GROUP, INC., DANIEL S. LEVY and
AUDRIUS GIRNIUS,

    Defendants.

Case No. 17-cv-468-JPG-RJD

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's May 10, 2017, order to show cause (Doc. 10) and plaintiff Korein Tillery, LLC's motion to remand (Doc. 15). Korein Tillery combined its response to the order to show cause with its motion to remand, and defendants Advanced Analytical Consulting Group, Inc. ("AACG"), Daniel S. Levy and Audrius Girnius have filed a combined reply/response (Doc. 24).

**I.    Background**

In this case, Korein Tillery, a law firm, alleged that it engaged AACG in August 2015 to provide expert litigation services regarding damages calculations, specifically, a study that would yield a calculation of damages for an entire case in which Korein Tillery represented the plaintiffs. Levy and Girnius were economists who worked for AACG and communicated with Korein Tillery prior to its commissioning the study. After AACG began the study, the cost estimate nearly doubled. In addition, Korein Tillery alleges that after it paid AACG a substantial sum, it learned that AACG had failed to perform as promised and was unable to provide the damage calculations requested. Korein Tillery ultimately terminated the arrangement with AACG in February 2016.

Korein Tillery originally filed this case in March 2017 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. It sues the three defendants for fraudulent misrepresentation both before and after their written agreement was signed (Count I), rescission of the agreement because of a mistake of fact (Count II), breach of contract (Count III), negligence (Count IV), gross negligence (Count V), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Count VI), and unjust enrichment (Count VII). Korein Tillery specifically alleges that Girnius participated in conversations with Korein Tillery predating the execution of its agreement with AACG, and that Girnius "reiterated the promises regarding the work that could be performed based on the proposed study." Compl. ¶ 4 (Doc. 1-1 at 1). It makes further allegations against "the defendants" without specifying Girnius. Compl. *passim* (Doc. 1-1)

On May 4, 2017, the defendants removed the case to federal court. In their notice of removal, the defendants claim removal was proper based on original diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a) & 1441. The defendants realize that Girnius may share Illinois citizenship with Korein Tillery, which is a citizen of Illinois, Florida and/or Missouri, so there may not be complete diversity. However, they assert that Girnius was fraudulently joined in this lawsuit, so the Court should disregard his citizenship for jurisdictional purposes. They note that Korein Tillery makes only a single factual allegation specifically against Girnius. Noting the apparent lack of complete diversity, the Court ordered Korein Tillery to show cause why the Court should not find it has fraudulently joined Girnius and disregard his citizenship for the purposes of determining whether diversity jurisdiction exists.

Korein Tillery responded to the order and moved to remand the case (Doc. 15). It argues that there is a reasonable possibility Girnius is liable under the ICFA and under theories of fraud

and negligence/gross negligence because he misrepresented that the study undertaken was possible to perform and/or, the flip-side, he concealed that the study undertaken was impossible to perform. It also believes he could be held liable for negligently performing his duty as an expert economist. Korein Tillery further argues that the common defense rule precludes a finding of fraudulent joinder. It has attached to its response a proposed amended complaint expanding the allegations against Girnius.

The defendants assert that Korein Tillery's sole motive for suing Girnius is clear and improper: to destroy diversity to prevent the exercise of diversity jurisdiction. Girnius is the only Illinois citizen of the eighty-five individuals who worked on the study and performed less than 5% of the work, yet Korein Tillery sued him and no other non-management individual working on the project, suggesting its motive was not to hold the wrongdoers responsible but to spoil complete diversity. The defendants also argue Korein Tillery cannot succeed on its fraud or ICFA claims because Girnius's alleged fraudulent conduct is not pled with sufficient particularity and does not relate to a present state of facts as opposed to future events. As for the negligence claim, the defendants argue Girnius owed no independent duty to Korein Tillery separate from AACG's duty. Finally, the defendants argue that the common defense rule does not apply because each defendant performed different conduct relating to this dispute.

**II.    Analysis**

    A.    <u>Fraudulent Joinder</u>

The doctrine of fraudulent joinder is based on the principle that a plaintiff cannot defeat a defendant's right to removal by naming or joining a non-diverse party against whom it has no chance of success. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323,

3

327 (7th Cir. 1993). The Court must ignore the citizenship of a fraudulently joined defendant when determining if it has original diversity jurisdiction. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763; *Gottlieb*, 990 F.2d at 327. If diversity jurisdiction exists once the fraudulently joined party's citizenship has been disregarded, the Court may dismiss the fraudulently joined defendant and continue to exercise jurisdiction over the case. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763. The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder. *Schur*, 577 F.3d at 763. Doubts about whether a defendant was fraudulently joined and whether removal was proper must be resolved in favor of the plaintiff. *Morris*, 718 F.3d at 668. Fraudulent joinder must be proved by clear and convincing evidence. 5 James W. Moore *et al.*, *Moore's Federal Practice* § 102.21[5][a] (3d ed. 2002).

Fraudulent joinder can occur in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against a non-diverse defendant or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb*, 990 F.2d at 327. To establish fraudulent joinder under the first prong, the path at issue in this case, a defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original); *accord Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 764. This burden is more favorable to the plaintiff than the burden for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Schur*, 577 F.3d at 764 (citing district court cases making this observation). If there is "any reasonable possibility," *Poulos*, 959 F.2d at 73, that the plaintiff could succeed against a defendant, the defendant will not be deemed fraudulently joined. *Schur*, 577 F.3d at 764.

There is an exception to the general rule of fraudulent joinder where the defense used to

4

show that no claim can succeed against a non-diverse defendant is shared by all defendants. *See Walton v. Bayer Corp.*, 643 F.3d 994, 1001 (7th Cir. 2011). This exception, called the "common defense rule," prohibits a finding of fraudulent joinder where to do so would require a determination on the merits of a colorable defense shared with the diverse defendants. *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 740-41 (N.D. Ill. 2011) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (*en banc*)). The rule applies only where the showing that forecloses the claim against the non-diverse defendant forecloses *all* claims against *all* the diverse defendants. *Boone v. Citigroup, Inc.,* 416 F.3d 382, 391 (5th Cir. 2005); *Smallwood*, 385 F.3d at 576.

B. Application

A review of the facts as reflected in the parties' filings is helpful to this inquiry. The goal of the study Korein Tillery commissioned from AACG was to estimate the hours worked by minor league baseball players by observing the players entering and exiting their ballparks. The hours would then be used to calculate damages to be claimed in a class-wide wage and hour lawsuit. AACG set up observation points outside stadiums but was ultimately unable to distinguish baseball players from other individuals entering and exiting the ballparks. Korein Tillery claims this problem became apparent to the defendants early in the study, yet the defendants continued to represent to it that the study was progressing and to collect payment for the study, even though they knew the study would be worthless.

1. Common Defense Rule

As a preliminary matter, the Court finds the common defense rule does not apply. It is not clear from the allegations in the complaint that the specific conduct alleged to have been

5

committed by all defendants is the identical conduct such that all claims against all defendants would be disposed of by application of the defenses applicable to Girnius. It is true that all defendants are frequently lumped together in allegations against "the defendants." However, Girnius and Levy are separate individuals (although the conduct of both of them may be attributable to AACG). It is possible that each owed different duties to Korein Tillery based on their positions at AACG and their relationships with it, and it is likely that each made different, albeit similar, representations to Korein Tillery. The differences in those duties and representations could very well make a difference in whether they can be found liable in this case. Therefore, a common defense does not apply to all defendants, and the common defense rule will not prevent a finding that Girnius was fraudulently joined if joinder is otherwise appropriate.

2. Reasonable Possibility of Prevailing

The Court then turns to the question of whether Girnius was fraudulently joined. In making this determination, the Court must consider whether Korein Tillery would have any reasonable possibility of prevailing against him in an ICFA claim, a common law fraud claim or negligence/gross negligence claims, the causes of action invoked by Korein Tillery as supporting joinder.

The Court need only consider the two fraud claims: ICFA and fraudulent misrepresentation. To establish a cause of action under ICFA, a plaintiff must show:

> (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.

*Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 850 (Ill. 2005) (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002)). Similarly, to establish a cause of action for

6

fraudulent misrepresentation, also referred to as common-law fraud, the plaintiff must demonstrate:

> (1) a false statement of material fact; (2) knowledge or belief of the falsity by the person making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance.

*Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 973 N.E.2d 880, 889 (Ill. 2012); *Board of Educ. of Chi. v. A, C & S, Inc.*, 546 N.E.2d 580, 591 (Ill. 1989); *Soules v. General Motors Corp.*, 402 N.E.2d 599, 601 (Ill. 1980).

The Court finds that the defendants have not shown by clear and convincing evidence that, after resolving all legal and factual issues in Korein Tillery's favor, it has no reasonable possibility of establishing a cause of action against Girnius. Specifically with respect to the statutory and common law fraud claims, the defendants argue that the invoices it submitted with its filing demonstrate that Girnius was not involved with the design of the ill-fated study and performed very little of the actual work on the study. They further point out that nothing in the complaint demonstrates Girnius made any false statements in the pre-agreement phone calls and that, indeed, the complaint fails to plead sufficient facts to satisfy a heightened fraud pleading standard. They further argue that fraud cannot be established based on reference to future events, including the failure to perform a promise to do something in the future.

It is true that the complaint does not likely meet the heightened fraud pleading requirements of Federal Rule of Civil Procedure 9(b).[1] Rule 9(b) requires a plaintiff to plead fraud with particularity by describing the "who, what, when, where, and how" of the fraud,

---

[1] Federal, not state, procedural rules apply once a diversity action is removed to federal court. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). This includes federal pleading standards. *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 605 (7th Cir. 1987).

although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). Korein Tillery's complaint does not describe Girnius's allegedly fraudulent statements with any particularity. Instead, it relies on general allegations that he participated in telephone calls and knowingly made false representations with the intent to induce Korein Tillery to hire AACG to perform the study and to continue paying AACG even after it became apparent the study was useless. While this general pleading may be enough to support dismissal of the complaint – without prejudice and with leave to replead – this pleading shortcoming does not show by clear and convincing evidence that Korein Tillery cannot establish a fraud cause of action against Girnius. Indeed, that is why a court is likely to allow Korein Tillery leave to replead claims against Girnius. *Compare Hale v. Bayer Corp.*, No. 15-cv-745-JPG-SCW, 2015 WL 5474298, at *4 (S.D. Ill. Sept. 16, 2015) (finding fraudulent joinder where plaintiff could not replead to state cause of action).

A bit more unclear is the general rule that a claim for fraud cannot be based on representations about future events. This is because an action for fraud must be based on a misrepresentation of fact and not an expression of opinion, and "[s]tatements regarding future events are considered opinions, not statements of fact." *People ex rel. Peters v. Murphy-Knight*, 618 N.E.2d 459, 463 (Ill. App. Ct. 1993). "Even a false promise of future conduct with no current intent to fulfil that promise will not constitute fraud" unless the false promise is part of a fraudulent scheme. *Id.*; *see Kapelanski v. Johnson*, 390 F.3d 525, 532 (7th Cir. 2004). Here, however, Korein Tillery has alleged that Girnius's misrepresentations and/or omissions continued into the time period where Korein Tillery claims it was aware of the impossibility of the study. At a minimum, those later statements could support a fraud claim.

8

As for Girnius's role in the study, the Court must resolve the factual issue in Korein Tillery's favor and assume, for the purposes of the instant issue, that whatever role Girnius actually played, he was in a position to make representations to Korein Tillery before and during the study about the study, its feasibility, and its value to Korein Tillery. His ultimate role in the study is not relevant to whether Korein Tillery can establish a fraud claim against him under the relevant law.

Additionally, while Korein Tillery's motive for joining Girnius would be a relevant consideration when the Court faces the question of whether to allow an amended pleading adding a defendant that would destroy complete diversity, *see* 28 U.S.C. § 1447(e), it is not a reason for disregarding the citizenship of a defendant already in the case where the plaintiff can state a viable claim against him. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009).

### III. Conclusion

Because the defendants have not carried their heavy burden of showing by clear and convincing evidence that Girnius was fraudulently joined, the Court cannot disregard his citizenship for the purposes of diversity jurisdiction. Considering Korein Tillery's and Girnius's shared Illinois citizenship, complete diversity does not exist. Therefore, the Court does not have jurisdiction to hear this case based on original diversity jurisdiction under 28 U.S.C. § 1332(a), removal was not proper under 28 U.S.C. § 1441(a), and the Court must remand this case. Accordingly, the Court:

- **GRANTS** Korein Tillery's motion to remand (Doc. 15);
- **DISCHARGES** the Court's May 10, 2017, order to show cause (Doc. 10);
- **DENIES as moot** and **without prejudice** the defendants' motion to transfer this case (Doc. 8); and

- **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for further proceedings.

**IT IS SO ORDERED.**
**DATED: September 12, 2017**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**